CHERNOTIK et al., Appellants v. HOLTER et al.,
Respondents

(82 N.W.2d 509)

(File No. 9668. Opinion filed April 26, 1957)

**L. E. Schreyer,** Lake Andes, for Plaintiffs-Appellants.

**M. E. Miller,** State's Atty., Lake Andes, for Defendants-Respondents.

RENTTO, J. The question presented by this appeal is whether the provisions of H.B. 506, commonly referred to as the tax rollback law, may be availed of by Charles Mix County.

The appellants herein petitioned the Board of County Commissioners of said county to direct the county officers to levy property taxes in accordance with values as equalized by the County Board of Equalization and to disregard the valuations as equalized by the State Board of Equalization for the year 1956. This petition the commissioners denied. From that action the petitioners appealed to the circuit court.

While such appeal was pending in the circuit court, the petitioners in that matter instituted a mandamus proceeding against the commissioners to compel them to take the action requested in their original petition to the Board. The appeal and the mandamus matter were heard together in the trial court. Judgments were entered dismissing the appeal and quashing the writ of mandamus.

H.B. 506 was passed by the recently adjourned Thirty-fifth Session of our Legislature and went into effect upon its approval on March 11, 1957. So far as here material it provides:

> "To the end that all real and personal property within the County shall be uniformly valued and to the end that equality in the valuation of such property for the purpose of taxation may be had, the Board of County Commissioners may in counties wherein the 1956 tax list has not been certified and no 1956 taxes have been collected, by resolution direct the county officers to disregard the action of the State Board of Equalization relating to equalization of assessments for the year 1956 and it shall be the duty of the county officers to use the assessments as equalized by the County Board of Equalization for the levying of taxes for the year 1956, Such county equalization shall then be the basis used for distribution or reallocation of state funds to said county."

According to the records in the office of the Revisor of Statutes this legislative enactment will appear as Ch. 482 of the Laws of 1957.

In the trial of these matters all material facts were stipulated. From this record it appears that all of the acts required by law for the levying of real and personal property taxes for the year 1956 were complied with. The county auditor prepared the required tax lists and duplicates thereof, which duplicates were delivered to the county treasurer on or about the second day of January 1956. These lists were prepared in all respects as provided by law except that the auditor did not deliver to the county treasurer the warrant provided for by SDC 57.0604—nor was such warrant delivered prior to the trial of these matters. It further appears that various taxpayers listed in and charged with taxes for the year 1956 upon said tax list, paid into the hands of the county treasurer sums of money intended as and for payment of taxes shown upon such lists. Upon receipt of these sums the treasurer issued to them tax receipts in regular form. The treasurer credited the funds so received to the account of the county and with the auditor apportion-

ed them to the various taxing districts by which they were levied.

One of the findings made by the trial court was that 1956 taxes had been collected in Charles Mix County. The making of this finding is assigned as error. In support of this assignment appellants argue that taxes may not be considered as having been collected unless the warrant referred to in SDC 57.0604 was furnished to the treasurer as therein provided. That section is as follows:

> "The county auditor shall attach to each tax list his warrant, under his hand and official seal, in general terms, requiring the county treasurer to collect the taxes therein levied according to law; but no informality as to the requirements of this section shall render any proceeding for the collection of taxes illegal."

The stipulation of the parties reveals that no warrant as required by this section has been issued to the County Treasurer of Charles Mix County subsequent to the year 1944.

■ It is to be noted that in H.B. 506 the legislature provided that the provisions of said Act are not available to a county in which 1956 taxes have been collected. The reasons for this are obvious. Under the law of this state the 1956 taxes became due and payable on the first day of January 1957, and would be delinquent on May 1st unless a half thereof were paid before that time. SDC 57.1004. The Act in question did not become effective until March 11, 1957. It was a matter of common knowledge that in this interval, which began about a week before the Thirty-fifth Session of our Legislature convened, many individuals had paid their 1956 taxes based on valuations as equalized by the State Board. As is borne out by this record receipts had been issued for these sums and they had been apportioned to the taxing districts levying the same. To permit counties in which this had been done to redetermine its taxes on a different basis—the valuations fixed by the county boards— would necessarily result in much confusion and continuing serious uncertainty.

■ We are satisfied that the legislature intended to avoid this undesirable result. The evil which the legislature

sought to avoid is the same whether the tax lists have been "warranted" or not. By virtue of the authority of his office the county treasurer was the de jure collector of taxes. The 1956 tax lists were lawfully in his possession and he was charged with the amount of all tax lists in his hands for collection. SDC 12.0803. Without a warrant attached thereto he had authority to receive and receipt for all taxes voluntarily paid. Commonwealth v. Stambaugh, 164 Pa. 437, 30 A. 293. Accordingly, we hold that when the taxpayers paid money to the county treasurer under the circumstances stipulated by the parties, 1956 taxes had been collected in Charles Mix County within the meaning of this Act.

It seems to us that this view gives to the language used its ordinary and popular meaning. Appellants' construction of this language is highly technical and would defeat what we think is the clear intent of the legislature. Consequently we are of the view that the trial court did not err in concluding that the provisions of H.B. 506 were not available to Charles Mix County.

Affirmed.

All the Judges concur.